UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-23765-CV LENARD/TURNOFF

ARTHUR N. RAZOR,

     Plaintiff,

vs.

STATE OF FLORIDA, et. al.,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Defendants State of Florida ("State"), Office of

Financial Regulation ("OFR"), and Division of Administrative Hearings' ("DOAH") (collectively

"Defendants") Motion to Dismiss First Amended Complaint **[DE 18]**, and an Order of Referral entered

by the Honorable Joan A. Lenard. **[DE 3]**.

Upon review of the Motion **[DE 18]**, the Response **[DE 21]**, the Reply **[DE 22]**, the applicable

law, and being otherwise duly advised in the premises, the undersigned makes the following findings.

### I. Background

This case was originally filed by *pro se*[1] Plaintiff Arthur Razor ("Plaintiff") on December 18,

2009. **[DE 1]**. An Amended Complaint was filed on August 31, 2010. **[DE 9]**. A Motion to Dismiss by

Defendants followed on October 12, 2010. **[DE 18]**.  The underlying facts  surrounding this case are

unclear from the one count Amended Complaint, wherein Plaintiff outlines an alleged conspiracy

against him involving the Honorable Barbara Pariente, Justice of the Florida Supreme Court, the

---

[1]Florida Bar records indicate that Plaintiff was admitted to practice law on April 9, 1978 and was
later suspended on November 24, 2004 and again on September 11, 2007. See The Florida Bar,
http://www.floridabar.org/names.nsf/0/4C02CB8097BCC18785256A830056A066?OpenDocument (last
visited March 29, 2011).

Honorable Jeffery Colbath, a circuit court judge in the 15th Circuit Judicial Circuit, and a "John" and "Jane Doe." **[DE 9]**.

The Amended Complaint also alleges that the Florida Bar violated Fla. Stat. § 918.13 (2010), by tampering with or fabricating physical evidence, by failing to "cooperate in good faith in the discovery process, withholding or concealing evidence, [and] failing to provide the Plaintiff with adequate notice of all charges prior to any hearing." Am. Compl. **[DE 9]**. In sum, Plaintiff alleges the existence of a conspiracy because the Defendants "refuse to drop [their] punitive action against [him]." Id.

At first glance, it appears that the facts alleged in the Amended Complaint relate to the suspension of Plaintiff's law license. However, upon further review, it appears as though Plaintiff is only seeking to challenge the revocation of his mortgage broker's license. **[DE 21]**. Accordingly, this Report is framed in light of Plaintiff's request for injunctive relief as to his revoked mortgage broker's license. It is worth nothing, however, that the same legal conclusions would likely result if this court were to consider this action in the context of Plaintiff's proceedings before the Florida Bar.

## II. Analysis

In his prayer for relief, Plaintiff requests a declaratory judgment declaring that, among other things, Defendants may not pursue the revocation of his mortgage broker's license based upon the prior disciplinary action against him by the Florida Bar and the Florida Supreme Court. Plaintiff also seeks an injunction, as well as an award for attorney's fees for having represented himself. Am. Compl. **[DE9, ¶ 11-12]**. Plaintiff specifically seeks "[a] declaratory judgment on such issues as to whether the former [c]onfederate [s]tate of Florida must in fact adhere to the lawful rights and protections of the United States Constitution in its proceedings against Florida citizens such as the Plaintiff." **[DE 9]**.

2

Defendants seek the dismissal of the Amended Complaint for failure to state a claim under Rule 12(b)(6), as well as for lack of federal jurisdiction. Defendants further argue that they are not proper parties and are otherwise immune from suit.

Upon review of the Motion, the Response, the Reply, the court file and being otherwise duly advised in the premises, the undersigned makes the following findings.

### A. Failure to State a Claim

In reviewing a motion to dismiss, the Court "may only examine the four corners of the complaint and not matters outside the complaint without converting the motion to dismiss to a motion for summary judgment." Caravello v. Am. Airlines, 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004); see also St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002). In so doing, the Court must accept a plaintiff's factual allegations as true and construe them broadly, in the light most favorable to the plaintiff. See Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1940 (2009). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950. Only a complaint that "states a plausible claim for relief survives a motion to dismiss." Id. In sum, the well-pleaded allegations must "nudge the claim across the line from conceivable to plausible." Sinaltrainal, 578 F.3d 1252, 1261 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Plaintiff herein is a suspended Florida attorney appearing on behalf of himself. *Pro se* pleadings are generally "held to a less stringent standard than pleadings drafted by attorneys and will, therefore,

be liberally construed." Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998)). However, "a *pro se* litigant is expected to at least abide by minimal pleading standards, so vague and conclusory allegations are not sufficient to state a claim." Malowney v. Bush/ Ross, No. 8:09-CV-1189-T-30TGW, 2009 WL 3806161 at * 4 (M.D. Fla. Nov. 12, 2009). Here, as noted *supra*, Plaintiff is a lawyer, albeit presently suspended from practicing law; therefore, "the Court need not give him the benefits of liberal construction to which an untrained *pro se* litigant is entitled." See also Church v. City of Cleveland, No. 1:10-CV-1399, 2010 WL 4883433 at * 2 (N.D. Ohio Oct. 26, 2010).

The Amended Complaint here is replete with barebones claims of a "grand conspiracy" by Defendants, state court judges and a sitting Florida Supreme Court Justice. In this connection, Plaintiff alleges that Justice Pariente "entered into a conspiracy with other individuals of the Florida Bar including, but not limited to, Justice [sic] Jeffery Colbath and [a] John and Jane Doe to violate the Plaintiff's rights to due process of law under the United state [Sic] Constitution in a disciplinary matter against the Plaintiff." Id. at ¶ 12. However, the Plaintiff fails to allege any specific underlying facts that would support such a theory. Instead, the Plaintiff goes on to discuss his previously suspended, and now revoked, mortgage brokerage license by stating:

> Subsequent to the ruling against the Plaintiff by the Florida Supreme Court . . . the [State], through its agency commonly known as the [OFR] that handles the regulation of mortgage broker's licenses instituted an action to revoke the Plaintiff's license as a mortgage broker in the State of Florida. Despite the fact that Plaintiff no longer has an active mortgage broker's license, and there is no allegation that the Plaintiff is engaged in acting as a mortgage broker, or that any of the allegations in the Florida Bar's disciplinary matter deal in any way with mortgages, the Office of Financial Regulation (sometimes simply referred to as the "Department") refuses to drop its punitive action against the Plaintiff.

Id. at ¶ 16.

Here, it appears as though Plaintiff is suggesting that a suspended mortgage brokerage license cannot be revoked; and that the revocation of his mortgage brokerage license by the OFR is somehow tied in to the aforementioned conspiracy involving the prior suspension of his Florida Bar license. However, Plaintiff has once again failed to allege facts sufficient, at least in a coherent fashion, to support a plausible claim.

According to Plaintiff, Justice Pariente appointed Judge Colbath as the referee for Plaintiff's disciplinary hearing before the Florida Bar. Plaintiff specifically argues that Judge Colbath was "known to the Florida Supreme Court and the Florida Bar to be biased and prejudiced against the Plaintiff from a previous disciplinary matter involving the Plaintiff and this referee." Id. ¶ 15(I). Plaintiff specifically alleges that Judge Colbath's appointment was a means to "pre-engineer the outcome of the disciplinary proceeding to materially favor the Florida Bar and against the Plaintiff." Id. at ¶ 13. In this connection, Plaintiff alleges that Judge Colbath denied his request for change of venue, refused to recuse himself, and denied Plaintiff's motion to compel discovery in bad faith. Id. at ¶ 15(ii).

Even viewing these allegations in the light most favorable to Plaintiff, the undersigned cannot conclude, without more, that they are plausible. Accordingly, based on Rule 12(b)(6) alone, Plaintiff's Amended Complaint should be **DISMISSED**, and the undersigned so **RECOMMENDS**.

Having determined that the action should be dismissed, the undersigned need not address Defendants' remaining arguments in detail. However, in the interest of noting that the arguments are likewise meritorious, the undersigned shall discuss same below.

### B. Lack of Jurisdiction

As noted by Defendants, Plaintiff claims jurisdiction under the First, Fifth and Fourteenth Amendments, as well as under 42 U.S.C. § § 1981 - 1983, but sets forth no basis for such causes of

action. To illustrate, 42 U.S.C. § § 1981 and 1983 are both anti-discrimination statutes, yet Plaintiff has made no allegations of discrimination. In the case of § 1981, a plaintiff must show, among other things, that he/ she is a member of a racial minority, that the defendant intended to discriminate on the basis of race, and that the discrimination concerned one or more of the activities enumerated in the statute. Rutstein v. Avis Rent-A-Car Sys., Inc., 211 F.3d 1228, 1235 (11ᵗʰ Cir. 2000). No such allegations exist here.

The same can be said for Plaintiff's claim of jurisdiction pursuant to § 1982 and § 1983. In order to state a *prima facie* case for violations of § 1982, a plaintiff must allege facts to show that: (1) the plaintiff is a racial minority; (2) the defendant intended to discriminate on the basis of race; and that (3) the discrimination concerned activities addressed in section 1982.[2] Lawrence v. Courtyard at Deerwood Assn, Inc., 318 F. Supp. 2d 1133 (S.D. Fla. 2004) (citing Cantu v. Nocona Hills Owners Ass'n., No. CA 7:00-CV-220-R, 2002 WL 67974, at *3 (N.D. Tex. Jan. 11, 2002). No such allegations exist here.

A § 1983 action is a violation of procedural due process and requires proof of "a deprivation of a constitutionally-protected . . . property interest." White v. Hall, No. 09-15072, 2010 WL 2977443 (11th Cir. July 29, 2010). A plaintiff establishes a *prima facie* case by showing that: (1) he/ she is a member of a protected class; (2) he was subjected to adverse employment action; (3) his employer treated similarly situated employees outside of his protected class more favorably than he was treated; and that (4) he was qualified to do the job. Burke-Fowler v Orange County, Fla., 447 F. 3d 1319, 1322-23 (11th Cir. 2006). No such allegations exist here.

---

[2]Section § 1982 provides in pertinent part that "all citizens have the right to inherit, purchase, lease, sell, hold and convey property." 42 U.S.C. §1982.

Independently, a finding that a Section § 1983 claim is meritless dissolves any other constitutional claims made under, among other things, § 1981, § 1982 and the Fourteenth Amendment. For example, in Hicks v. Lewis, No. 95-218-CIV-T-17A, 1996 WL 172994 (M.D. Fla. Apr. 5, 1996), a *pro se* plaintiff filed suit in federal court alleging violations of his "Constitutional and statutory rights under the United States Constitution, Amendments 4, 5, 8, 13, and 14; . . . 42 U.S.C. §§ 1981, 1982, 1983 . . ." Defendants filed motions to dismiss. The Hicks Court found that a "resolution to [defendant's] motion to dismiss as to [plaintiff's] section 1983 claim is dispositive of each of [plaintiff's] separate Federal Constitutional and statutory theories of liability against [defendant]." Id. at 2.

This is because "[s]ection 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1982). "Where a party asserts a claim under § 1983, that section provides the exclusive remedy for any [c]onstitutional violations, and a party has no independent cause of action under the various [c]onstitutional provisions." Hicks, 1996 WL 172994 at *2. In other words, section § 1983 is a "vehicle through which plaintiff [can] allege violations of §§ 1981 and 1982." Hicks, 1996 WL 172994 at *2 (citing Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 731-32 (1989) ). See also Jett, 491 U.S. 701 at 734-35 (finding that Congress intended the precursor to § 1983 to be "the first . . . and only Federal damages remedy for the violation of federal constitutional statutory rights"). In sum, the dismissal of Plaintiff's § 1983 claim precludes implications of a direct Constitutional action under § 1981, § 1982 and the Fourteenth Amendment.

Plaintiff's separate claims of jurisdiction based on the First, Fifth, and Fourteenth Amendment likewise fail. First, as indicated above, a dismissal of a § 1983 claim serves to preclude implications of,

among other things, a Fourteenth amendment claim. <u>Bennett</u>, 689 F.2d 1370. Next, the First Amendment protects the free exercise of religion, freedom of speech, freedom of press, the right to peaceably assemble or prohibiting the petitioning for a governmental redress of grievances. Plaintiff here does not attempt to plead any violations in his exercise of religion, speech, press or right to assemble. In this connection, in order to state a claim for a First Amendment violation, a plaintiff must show that: "(1) defendant acted under the color of state law; (2) defendant deprived plaintiffs of their First Amendment rights; and (3) plaintiff's rights were protected by the United States Constitution." <u>Harris v. District Board of Trustees of Polk Community College</u>, 9 F. Supp. 2d 1319, 1323 (M.D. Fla. 1998). No such allegations exist here.

Finally, the Fifth Amendment of the United States Constitution protects against abuse of government authority in legal procedure. The Fifth Amendment has protections regarding grand juries, double jeopardy, self-incrimination, due process and the taking clause. Here, the Plaintiff argues that the taking of revocation of his mortgage broker's license is a due process violation of his property right.

The Due Process Clause of the Fourteenth Amendment incorporates these constitutional protections to cover state actions. <u>Civil Rights Cases</u>, 109 U.S. 3  (1883). However, these claims involve the "same parties . . . [where a] prior state court ruling was a final or conclusive judgment on the merits, . . . the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment." <u>See</u> <u>Corbin</u>, 233 Fed. Appx. 917 at 918. For these reasons, Plaintiff may not base his jurisdiction on the Fifth Amendment. Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** that  Plaintiff's Amended Complaint **[DE 18]** be **DISMISSED** on these grounds as well.

## C. Failure to Exhaust Administrative Remedies

Florida's Administrative Procedures Act, Fla. Stat. § 120.569 (2008), sets forth the forum and procedure by which individuals may dispute agency determinations such as the one described in the Amended Complaint. Id. Specifically, the statute addresses the method by which the aggrieved party may request a hearing. Id. The statute also describes how one can request review by an administrative law judge ("ALJ"), and sets forth the time frame for assigning an ALJ. Id. The statute further establishes the procedure for requesting a hearing, as well as the procedure for conducting the hearing itself. Id. If a party disputes the ALJ's final decision, he/ she may then seek review in a Florida appeals court. Fla. Stat. § 120.68 (2008).

Here, while the Amended Complaint makes reference to an administrative hearing, the Plaintiff does not indicate whether or not said hearing was completed, whether the ALJ made certain specific findings and/ or whether a final order was issued. The Amended Complaint is likewise devoid of any indication as to whether or not Plaintiff pursued an appeal in Florida's appellate courts. In sum, Plaintiff has failed to allege, as required, that he has exhausted all of his administrative remedies. Cole v. City of Deltona, 890 So.2d 480 (2004) (suit appropriately dismissed when plaintiff fails to exhaust his/ her administrative remedies). Therefore, in this Court's view, the Amended Complaint may be properly **DISMISSED** on these grounds as well.

Further, as correctly noted by Defendants, even if Plaintiff were afforded leave to amend to make such allegations, this court would likely remain without jurisdiction in light of the *Rooker-Feldman* doctrine, which provides that "lower federal courts are precluded form exercising jurisdiction over final state-court judgments." Butler v. Wood, No. 09-15880, 2010 WL 2490714 (11th Cir. 2010) (quoting Nicholson v. Shafe, 558 F.3d 1268, 1270 (11th Cir. 2009)).

### D. Defendants' Additional Arguments

Lastly, Defendants DOAH and the State of Florida argue that they are not proper parties. Specifically, Defendants argue that because the State of Florida can only act by way of its agencies, "State of Florida" is redundant for OFR or DOAH. In this same vein, Defendants argue that DOAH is likewise an improper party because it is not an agency or entity in and of itself. For present purposes, and in light of the above recommendation it is not necessary to discuss this issue. However, the undersigned notes the arguments are likewise meritorious.

### III. Conclusion

Consistent with the above and foregoing, it is hereby **RESPECTFULLY RECOMMENDED** that Defendants' Motion to Dismiss **[DE18]** be **GRANTED** and Plaintiff's request for attorney's fees for representing himself be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)( c), the parties may file written objections to this Report and Recommendation with the Honorable Joan A. Lenard, United States District Court, within fourteen (14) days of receipt. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, reh'g denied, 7 F. 3d 242 (11th Cir. 1993) (*en banc*); LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this ___ day of April 2011.

**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc:   Hon. Joan A. Lenard
      Counsel of Record

10